# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| JOHN BROWN | ) | 2:26-cv-00886-DCN |
| | ) | Civil Action No.:_____ |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| vs. | ) | |
| | ) | |
| SAFE RACK LLC | ) | **COMPLAINT FOR DAMAGES** |
| | ) | |
| Defendant. | ) | |

_____

COMES NOW PLAINTIFF JOHN BROWN, individually, by and through his undersigned counsel of record, and files this Complaint for Damages against SAFE RACK LLC pursuant to the Federal Rules of Civil Procedure, showing the Court as follows:

## FACTS OF THE CASE

1. On August 7th, 2024, Plaintiff JOHN BROWN was working at International Paper located at 865 John Riegel Rd, Riegelwood, NC 28456.

2. On said date, Plaintiff was positioned on a railcar gangway designed, manufactured, marketed and sold by Safe Rack, who is located at 219 Safety Ave, Andrews, SC 29510-6971.

3. On the date in question, the gangway manufactured by Defendant catastrophically failed causing Plaintiff's severe and permanent injuries.

## PARTIES

4. Plaintiff, JOHN BROWN, at all times relevant was a citizen of North Carolina, residing in the town of Whiteville, Columbus County, North Carolina.

5.      Defendant, SAFE RACK LLC is a Domestic Limited Liability Company headquartered at: 219 Safety Ave, Andrews, SC 29510-6971, and may be served with process by serving their registered agent Rob Honeycutt at the address above.

## JURISDICTION AND VENUE

6.      This Honorable Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332.

7.      Venue of this action properly lies in the District of South Carolina, pursuant to 29 U.S.C. XV 1391 (a), and within the Charleston Division, as it is the judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred including its policies and practices for design and quality control of its products in this district and division.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Products Liability: Strict Liability

8.      Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

9.      At all relevant times, there was in full force and effect certain statutes of the State of South Carolina pertaining to sellers of defective products as set forth in § 15-73-10 *et seq.* of the South Carolina Code.

10.     Pursuant to S.C. Code § 15-73-10 *et seq.*, Defendant is strictly liable in tort, irrespective of privity, for manufacturing, designing, assembling its quality control policies and practices, and placing a defective and unreasonably dangerous product into the stream of commerce to injury Plaintiff, JOHN BROWN.

11.     The defect(s) in design and manufacturing were present when the railcar gangway in question left the control of Defendant in this district and division.

12. Said railcar gangway had not been substantially modified after it was delivered to Plaintiff's employer, International Paper.

13. The defect(s) in question directly caused the injuries complained of herein.

14. The railcar gangway in question was being used as intended and any misuse of said railcar gangway was a misuse that was reasonably foreseeable to Defendant and therefore should have been mitigated by a change in design, guarding, proper quality control, or warning that would have substantially reduced the risk of injury from said known hazard.

15. The warnings and/or instructions that accompanied the railcar gangway were defective because they did not communicate on the nature of the known hazard, how to avoid the known hazard, and the consequences that could result by exposure to the known hazard.

16. The railcar gangway in question was defective in design because, at the time of manufacture, a safer alternative design existed, that was technologically and economically feasible, that would have eliminated and/or substantially reduced the risk of injury without substantially altering the utility of the railcar gangway.

17. The railcar gangway in question was defectively designed in the following manners:

   a. By using a spring material that was subject to corrosion which was known to be used in an environment where corrosion would occur;

   b. By encasing said spring in an opaque container with insufficient drainage which would accelerate corrosion and prevent the end user from determining whether or not the spring was still intact;

   c. By incorporating an handle and pedal system wherein the handles were too long considering the placement of the pedal and/or the pedal was

        misplaced considering the length of the handles. Said length of handles and placement of pedal placed the end user in the precarious position of having to aggressively lean forward thereby causing an imbalance, coupled with a broken spring that would cause the end user to be thrown from the railcar gangway once the spring gave way;

    d.    By incorporating a safety chain system that would allow the gangway to seat lower than parallel creating a fall hazard;

    e.    By failing to provide warnings and/or instructions on the proper way to check for spring fatigue and/or cracking, how often to check to said wear and/or the useful life of the spring in years or cycles; and

    f.    Other defects in design, manufacture, warnings, and instruction to be shown at the time of trial.

## **DAMAGES**

18. Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

19. Defendant's defects in design, manufacture, warning and instruction directly and proximately caused Plaintiff, JOHN BROWN to:

    a.    Suffer serious personal injuries;

    b.    Endure physical pain and suffering;

    c.    Suffer mental and emotional distress;

    d.    Incur unnecessary medical expenses, past and future;

    e.    Suffer lost wages and loss of earning capacity;

    f.    Suffer physical impairment, past and future;

g.  Endure disfigurement; and

h.  Suffer other injuries as the evidence may show.

## **CLAIM FOR RELIEF: Punitive Damages**

20. Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

21. In addition to the general and special damages suffered by the Plaintiff and proximately caused by the Defendant's bad actions and inactions, as it concerns the defective railcar gangway which catastrophically failed on August 7, 2024, and as previously alleged and set forth in this Complaint, Plaintiffs also, as a further result of Defendants' reckless, willful, negligent and grossly negligent conduct, are entitled to recover punitive damages in accordance with the law and evidence in this case in an amount to be determined at trial.

22. More specifically, the actions and inactions of the Defendant were of such a character as to constitute a pattern or practice of willful, wanton and reckless misconduct and caused serious and substantial harm to the Plaintiff, resulting in significant and ongoing damages arising from the Incident at issue in this Complaint.

23. Furthermore, the Defendant has acted with such a conscious and flagrant disregard for the rights and safety of the Plaintiff, and/or has deliberately engaged in willful, wanton and reckless disregard for the life and safety of Mr. Brown so as to entitle the Plaintiff to punitive and exemplary damages in an amount sufficient to keep such wrongful conduct from being repeated.

24. WHEREFORE, the Plaintiffs demand judgment for punitive and exemplary damages, plus interest, costs and attorneys' fees for having to bring this action, and any such other and further relief as this Honorable Court or jury may deem just and proper against the Defendant in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

25. WHEREFORE, Plaintiff prays as follows:

a. For a trial by jury and judgment against Defendant;

b. For such sums as actual and other compensatory damages, including pain and suffering and permanent impairment, in an amount as a jury may determine and in excess of the minimum jurisdictional limit of this Honorable Court;

c. For punitive damages caused by the Defendant's willful, wanton, and reckless disregard for the life and safety of the Plaintiff;

d. For the costs of this suit, including attorney's fees; and

e. For such other and further relief for which he may be entitled and this this Honorable Court deems just and proper.

Respectfully submitted,

By: *s/ Kevin R. Dean*
Kevin R. Dean, Esq. (SC Fed I.D. 8046)
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Phone: (843) 216-9000
kdean@motleyrice.com

*ATTORNEY FOR PLAINTIFF*

Mount Pleasant, South Carolina
Dated:  March 3, 2026